UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA R. UNTERREINER, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV393 JCH |
| | ) | |
| US BANK, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed on April 26, 2012. (ECF No. 16).  Plaintiff was ordered to file a response to the Motion to Dismiss by August 13, 2012. (See ECF No. 26).  Plaintiff has failed to file any response, and the Court will rule on the record before it.

## BACKGROUND

Plaintiff Sheila Unterreiner ("Plaintiff" or "Unterreiner") was employed by Defendant US Bank as an Account Processor at its Operations and Technology Center in St. Louis, Missouri, from February 2007 through November 3 or 4, 2010.  (Missouri Commission on Human Rights Charge Letter ("MCHR Letter"), ECF No. 1-2, p. 2).  Plaintiff's manager was Defendant Tracy Tate. (Complaint, ECF No. 1, ¶ 12).  Plaintiff alleges she was subjected to harassment by her coworkers because of her race (Caucasian) and her disability (hearing impairment).  (MCHR Letter, p. 2). Plaintiff alleges she complained to management about the harassment on many occasions but asserts the harassment did not stop.  (Id.).  Plaintiff also alleges she asked for a reasonable accommodation for her disability but that her request was denied by her immediate supervisor and by Defendant Tate. (Id.).

Additionally, Plaintiff alleges she was paid unfairly, as new employees were being paid more than current employees for the same work.  (Complaint, ¶ 10).  Plaintiff also alleges the terms and conditions of her employment were different from those of similar employees.  (Id., ¶ 12).  Plaintiff asserts benefits were also withheld from her.  (Id.).

Plaintiff was terminated by Defendant Tate on November 3 or 4, 2010.  (MCHR Letter, p. 2).  Plaintiff filed a joint Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on April 22, 2011.  (Id.).  In Plaintiff's Charge of Discrimination, Plaintiff checked the boxes for discrimination based on race, retaliation, and disability.  (Id.).  Plaintiff received her Notice of Right to Sue from the EEOC on December 7, 2011.  (Notice of Right to Sue, ECF No. 1-1).  Plaintiff received her right to sue letter from the MCHR on December 16, 2011.  (MCHR Letter, p. 1).

Plaintiff, proceeding pro se, filed this action in this Court on March 1, 2012.  Plaintiff's Complaint appears to contain the following claims:

- violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on the basis of race and gender;
- violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.;
- violation of the American with Disabilities Act of 1990 ("ADA"), 31 U.S.C. § 12101 et seq.;
- violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.;
- violation of the Missouri Human Rights Act ("MHRA"), MO. STAT. ANN. § 213.010 et seq.;
- violation of 42 U.S.C. § 1981;
- violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.;
- violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206 et seq.; and
- violation of the First Amendment.

(Complaint, pp. 1, 2, 5, 6).  As indicated above, Defendants filed their Motion to Dismiss on April 26, 2012, and Plaintiff failed to file a timely response.

**STANDARD**

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555).  In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. Monson v. Drug Enforcement Admin., 589 F.3d 952, 961 (8th Cir. 2009).

**DISCUSSION**

**I.      Failure to Exhaust Administrative Remedies**

Defendants argue Plaintiff's claims under the ADEA and Plaintiff's gender and age discrimination claims under Title VII and the MHRA must be dismissed because she failed to exhaust her administrative remedies with regards to these claims.

"Before a plaintiff may file a complaint in federal court alleging violations of the ADA, the ADEA, or Title VII, he must first exhaust his administrative remedies."[1] Wilkes v. Washington Univ.

---

[1] "Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter." Wilkes, 2007 WL 1040929 at *2 (citation omitted).

Sch. of Med., No. 4:06CV1833, 2007 WL 1040929, at *2 (E. D. Mo. Apr. 3, 2007) (citing Parisi

v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (ADEA), Shannon v. Ford Motor Co., 72 F.3d

678, 684 (8th Cir. 1996) (Title VII); Habib-Stevens v. Trans States Airlines, Inc., 229 F.Supp.2d 945,

946 (E.D. Mo. 2002) (ADA)).   In Parisi, the Eighth Circuit elaborated on the administrative

exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to
> provide the EEOC with an initial opportunity to investigate allegations of
> employment discrimination and to work with the parties toward voluntary
> compliance and conciliation.   The proper exhaustion of administrative
> remedies gives the plaintiff a green light to bring [his or] her employment-
> discrimination claim, along with allegations that are 'like or reasonably
> related' to that claim, in federal court.  Although we have often stated that we
> will liberally construe an administrative charge for exhaustion of remedies
> purposes, we also recognize that there is a difference between liberally reading
> a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply
> was not made.  The claims of employment discrimination in the complaint may
> be as broad as the scope of the EEOC investigation which reasonably could
> be expected to result from the administrative charge.

Parisi, 400 F.3d at 585 (internal quotations and citations omitted).   "A plaintiff may not raise in

federal court allegations outside the scope of the EEOC charge."   Hatton v. Accord Bldg. Servs.,

L.L.C., No. 4:09CV1888, 2010 WL 2540117, at *1 (E.D. Mo. Jun. 16, 2010) (internal quotations

and citation omitted).

Here, the Court agrees with Defendants that Plaintiff's claims under the ADEA and Plaintiff's

gender and age discrimination claims under Title VII and the MHRA must be dismissed, as they are

not "reasonably related" to Plaintiff's original MHRA and EEOC charge.  See Patterson v. Dayton

Freight Lines, Inc., No. 4:07CV1225, 2007 WL 4640520, at *2 (E.D. Mo. Dec. 31, 2007); see also

Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 854 (8th Cir. 2012).  Plaintiff's MHRA and

EEOC charge relates solely to discrimination and retaliation on the basis of race and disability.  (See

ECF No. 1-2, p. 2).  As such, the Court finds Plaintiff has failed to exhaust her administrative

remedies with regards to her claims of age discrimination under the ADEA and gender and age discrimination under Title VII and the MHRA, and these claims must be dismissed.

## II.      Equal Pay Act Claims

Defendants argue Plaintiff's claims under the EPA must be dismissed because Plaintiff does not allege that any difference in pay was related to her sex.

The EPA prohibits an employer from discriminating "between employees on the basis of sex by paying wages...at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex...for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions...." 29 U.S.C. § 206(d)(1). Thus, an employee must allege that her employer provides unequal pay for equal work on the basis of sex to sustain a claim under the EPA. See Kindred v. Northome/Industrial Sch. Dist. No. 363, 154 F.3d 801, 803 (8th Cir. 1998).

Here, the Court agrees with Defendants that Plaintiff's claims under the EPA must be dismissed, as Plaintiff does not claim she was paid less due to her sex.  Instead, Plaintiff alleges she was paid less as a current employee than new employees.  This is insufficient to sustain a claim under the EPA, and Plaintiff's claims under the EPA must be dismissed.

## III.     First Amendment Claims

Defendants argue Plaintiff's claims under the First Amendment must be dismissed because both defendants are private parties.

The First Amendment provides a shield only against government conduct, not conduct by private persons.  See Federer v. Gephardt, 363 F.3d 754, 759-60 (8th Cir. 2004).  Because Defendants are not government actors and there is no indication that Defendants acted on behalf of

either the state or federal government, Plaintiff's First Amendment claims must be dismissed.  See

Boston v. Unknown, No. 4:07CV896, 2007 WL 2710952, at *1 (E.D. Mo. Sep. 13, 2007).

**IV.     Unavailability of Individual Liability**

Defendant Tate argues Plaintiff's claims against her under Title VII, the ADA, and the ADEA

must be dismissed because these causes of action only exist against "employers."

**A.     ADA Claims**

In Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), the Eighth Circuit

found that Title II of the ADA does not permit individual liability and observed that, with respect to

Title I, "three [Circuits] have held that there is no liability under Title I against individuals who do

not otherwise qualify as 'employers' under the statutory definition."   Additionally, this Court has

repeatedly held that individuals are not liable under the ADA.  See, e.g., Briedenbach v. Shillington

Box Co., No. 4:11CV1555, 2012 WL 85276, at *3 (E.D. Mo. Jan. 11, 2012); Ebersole v. Novo

Nordisk, Inc., 1:11CV25, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); see also McCann v.

New World Pasta Co., No. 4:10CV1694, 2010 WL 4180717, at *2 (E.D. Mo. Oct. 20, 2010);

Donnelly v. St. John's Mercy Med. Ctr., No. 4:08CV347, 2008 WL 2699859, at *2 (E.D. Mo. June

30, 2008); Stevenson v. Best Buy Corp., No. 4:03CV1188, 2005 WL 3434770, at * 3 (E.D. Mo.

Dec.14, 2005).

> Those decisions have been based on the fact that the ADA's definition of "employer"
> is practically identical to the definition of "employer" in two other federal statutes that
> address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29
> U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b).  It is well-settled in the Eighth
> Circuit that individuals are not subject to individual liability under Title VII of the
> Civil Rights Act of 1964, and longstanding precedent in this Court also holds that
> individuals are not liable under the ADEA.

Ebersole, 2011 WL 6115655 at *1.

The Court finds Plaintiff cannot maintain a cause of action against Defendant Tate for violation of the ADA.  The Eighth Circuit has recognized that there is no individual liability under the ADA, and the majority of the Circuit Courts have held the same.  Accordingly, the Court grants Defendant Tate's Motion to Dismiss as to Plaintiff's ADA claims.

### 2.     Title VII Claims

As noted above, "[i]t is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII."  Ebersole, 2011 WL 6115655 at *1.  Thus, the Court grants Defendant Tate's Motion to Dismiss as to Plaintiff's Title VII claims.

### 3.     ADEA Claims

Again, as noted above, "longstanding precedent in this Court" indicates that individuals are not liable under the ADEA.  Ebersole, 2011 WL 6115655 at *1.  Thus, the Court grants Defendant Tate's Motion to Dismiss as to Plaintiff's ADEA claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED** in accordance with the foregoing.


Dated this   23rd  day of October, 2012.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE